IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DISTRICT

| | |
|---|---|
| **ERICA UMANA,** *et al.*, | * |
| | * |
| **Plaintiffs,** | * |
| | * |
| v. | *   **Case No. 23cv3208-GLS** |
| | * |
| **PRINCE GEORGE'S COUNTY, MARYLAND** | * |
| *et al.*, | * |
| | * |
| **Defendants.** | * |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO STAY**

Defendants Prince George's County, Maryland, Jason Ball and Anthony Jackson, by and through undersigned counsel and the Prince George's County Office of Law, pursuant to Local Rule 105 submits a Memorandum of Law in Support their Motion to Stay and in advance the following arguments:

### I. FACTUAL BACKGROUND

This case arises from Defendants' investigation of a dog bite of a resident in an apartment complex On June 2, 2021, at 6908 Allison Street in Prince George's County. The investigation escalated into a physical encounter between the parties where one of Plaintiffs' two dogs was fatally injured and the individually named Plaintiffs alleged sustained physical and emotional injuries as a result.

### II. STANDARD OF REVIEW

The United States Supreme Court has long declared that the "power to stay proceedings is identical to the power inherent in every court" to control its own docket "with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 245-55, 57 S.Ct. 163, 81 L.Ed. 153 (1936); see also *Williford v. Armstron T orld Inds. Inc.*, 715 F.2d 124, 127 (4th

1

Cir. 1983)(holding that courts possess the inherent power to stay an action to ensure the "efficient management of their dockets"). In the determination whether to grant a motion to stay, a court must "weigh competing interest and maintain an even balance." *Landis*, 299 U.S. at 244. There are three factors to be considered by the court in ruling on a parties' motion to stay: "1) the potential prejudice to the non-moving party; 2) the hardship and inequity to the moving party if the action is not stayed: and 3) the judicial resources that would be saved avoiding duplicative litigation if the case is in fact stayed."

### III. ARGUMENT

The inability of named Defendant Officer Joseph Miranda to participate in the defense of Plaintiffs' claims due to active military service requires that this matter be stayed. Defendant Officer Joseph Miranda proudly serves as a Staff Sergeant in the United States Marine Corps. And ordered to active duty as of November 30, 2023. Pursuant to his Orders, Defendant Miranda active status was originally scheduled to end on May 26, 2024. However, his active-duty status was extended through September 2024. *Ex. 1, Joseph Miranda's Military Orders.* In the Complaint, Plaintiffs assert various claims against the named Defendants and Prince George's County, Maryland (hereinafter "County") arising from an unfortunate encounter where Plaintiffs' dog was shot by police officers. Plaintiffs' claims of excessive force and failure to intervene in particular and defenses thereto rest on a determination of the officers' perceptions and reasoning. Thus, the absence of a named Defendant from the discovery process is highly prejudicial to the Defendants. Especially the County who, as Defendant Miranda's employer, has a duty to defend and possibly indemnify for any judgment entered against him.

Also, the County would be forced to endure an undue hardship in increase costs of defending this matter. As Defendant Miranda's employer that is also a named party to this suit, a

majority of the County's discovery responses are based on information from the individually named Defendant Officers. Thus, the inability to communicate with one of the three named Defendants would force the County to provide incomplete discovery responses that would probably require supplementation and/or amendments upon his return. Also, any discovery propounded on Defendant Miranda could not be provided until his return, which would result in a duplication of efforts and an increase in costs for both parties. Finally, granting the motion to stay would promote the efficient prosecution of this case and conserve valuable judicial resources.

## IV. CONCLUSION

WHEREFORE, Defendants respectfully request that this Honorable Court enter an Order granting Defendants' Motion to Stay and stay all discovery in this matter until September 30, 2024.

Respectfully submitted,

**RHONDA L. WEAVER**
**COUNTY ATTORNEY**

**SHELLEY L. JOHNSON**
**DEPUTY COUNTY ATTORNEY**

*Dwight Jackson*
_____
Dwight Jackson, Fed. Bar No. 30945
Associate County Attorney
**THE PRINCE GEORGE'S COUNTY**
**OFFICE OF LAW**
1301 McCormick Drive, Suite 4100
Largo, Maryland 20774
(301) 952-5225 voice
(301) 952-3071 facsimile
*Counsel for the Defendants*
*Prince George's County, Maryland, Jason Ball, and Anthony Jackson*