IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ERICA UMANA, et al.

*Plaintiffs*,

vs.

PRINCE GEORGE'S COUNTY,
MARYLAND, et al.

*Defendants*.

Case No. 23CV3208-PJM

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE NOVEMBER 20, 2024, ORDER GRANTING DEFENDANTS' MOTION FOR BIFURCATION OF CLAIMS AND STAY OF DISCOVERY [ECF NO. 46]**

Plaintiffs, by and through undersigned counsel, respectfully submit Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Reconsideration of the November 20, 2024, Order Granting Defendants' Motion for Bifurcation of Claims and Stay of Discovery [ECF No. 46], and state as follows:

### I.   FACTUAL BACKGROUND

This case arises from injuries suffered by Plaintiffs because of Defendant Prince George's County's ("the County") unconstitutional pattern and practice of condoning the use of excessive force and unlawful searches and/or seizures by Prince George's County Police Officers, including Defendants Jason Ball, Joseph Mihanda, and Anthony Jackson (collectively, "Individual Defendants"). Defendants Ball, Mihanda, and Jackson broke and entered into Plaintiffs' apartment without probable cause, pointed guns and tasers at them, threatened physical violence against them, assaulted them, falsely detained them, falsely arrested them, and unnecessarily shot and killed Plaintiff Erica Umana's pet dog right in front of them.

Defendant Prince George's County maintained a pattern and practice of condoning these types of widespread unlawful searches and/or seizures, police misconduct, and uses of excessive force. By condoning these acts of police misconduct, Defendant County caused these three officers to violate Plaintiffs' rights under the 4th Amendment and to endure physical and mental pain and suffering.

## II. LEGAL STANDARD

### a. Motion for Reconsideration

U.S. District Court for the District of Maryland Local Rule 105.10 permits a party to move for reconsideration "not later than fourteen (14) days after entry of the order." Federal Rule of Civil Procedure 54(b) governs motions for reconsideration of an interlocutory order. *Randolph v. ADT Sec. Servs., Inc.*, No. CIV.A. DKC 09-1790, 2012 WL 273722, at *2 (D. Md. Jan. 30, 2012). Motions for reconsideration may be granted if the movant shows at least one of the following: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) *to correct a clear error of law or prevent manifest injustice.*" *Jahn v. Tiffin Holdings, Inc.*, No. SAG-18-1782, 2020 WL 4559927, at *1 (D. Md. May 13, 2020).

Though motions for reconsideration should be granted "sparingly," *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009), "[t]he ultimate responsibility of the . . . court[] is to reach the correct judgment under law." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003). "A court has 'broader flexibility' to revise interlocutory orders than to reconsider final judgments, and may do so to correct a clear error of law or to prevent manifest injustice[.]" *Sec. & Exch. Comm'n v. Jacoby*, No. CV CCB-17-3230, 2021 WL 4478722. at *1 (D. Md. Sept. 30, 2021) (citing *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017). In the

instant case, to fulfill the court's duty of preventing a manifest injustice, Plaintiffs' motion should be granted.

### b. Motion to Bifurcate

Federal Rule of Civil Procedure 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, or third-party claims." Fed. R. Civ. P. 42(b). The determination of whether bifurcation is appropriate is fact specific. *Dawson v. Prince George's Cnty.*, 896 F. Supp. 537, 540 (D. Md. 1995). The trial court has broad discretion in determining whether bifurcation is warranted. *Id.* at 539.

However, "[r]egardless of the latitude given to district courts in their decision to bifurcate trials, separate trials remain the exception, rather than the rule." *Thrower v. Pozzi*, 2002 WL 91612, *5 (S.D.N.Y. 2002). The party seeking bifurcation has the burden of persuasion to demonstrate that bifurcation is appropriate under the Rule 42(b) factors. *F & G Scrolling Mouse, L.L.C. v. IBM Corp.*, 190 F.R.D. 385, 387 (M.D.N.C. 1999).

Importantly, in the early stages of litigation, "it will often be the case that a plaintiff lacks specific details regarding the municipal actor's internal policies and training procedures before discovery." *Johnson v. Balt. Police Dep't*, No. ELH-19-698, 2020 WL 1169739, at *34 (D. Md. Mar. 10, 2020). "[T]he details of the alleged policy or custom . . . is a topic properly left to development through discovery." *Id.* (quoting *Est. of Osuna v. Cnty. of Sanislaus*, 392 F. Supp. 3d 1162, 1174 (E.D. Cal. 2019)). Furthermore, there are circumstances where a municipality can be held liable under § 1983 for constitutional violations notwithstanding that no individual defendant can be held liable. *See Thomas v. Cook County Sheriff's Dept.*, 588 F.3d 445, 454 (7th Cir. 2009).

Lastly, there is no single "best" way to handle [bifurcation of] a claim arising under 1983; each case must be considered in light of its particular facts and circumstances. *Marryshow v. Town of Bladensburg*, 139 F.R.D. 318 (D. Md. 1991).

## III. ARGUMENT

The County's Motion to Bifurcate and Stau Discovery relied deeply on the *Marryshow* case and its progeny, even though the *Marryshow* bifurcation ruling has long since been distinguished by this Court in *Hayat v. Fairley*, 2010 WL 11549898 at *2 (D. Md. 2010). Plaintiffs' claims in this case are factually distinguishable from cases like *Marryshow*, and, as such, the Court should reconsider granting Defendants' motion.

*Marryshow* was a false arrest and excessive force case where the potential liability of the municipality was premised solely on a failure to train, supervise, and investigate cause of action. *Marryshow*, 139 F.R.D. at 318. The individual officers were characterized by the Court as "active" defendants and the municipality as an "inactive" defendant, and the plaintiff did not challenge those characterizations. *Id*. Here, Plaintiffs allege both a *Monell* theory of failure to train as well as condonation of excessive force causes of action. Furthermore, in the instant case, the County and its final policy makers are not deemed 'inactive defendants,' because Plaintiffs have alleged that the County deliberately chose to turn a blind eye to the brutality committed by their officers by completely ignoring their own internal policies regarding uses of police force under *Monell* as well as a state law claim against the County and Individual Defendants under a vicarious liability theory pursuant to Article 24 of the Maryland Declaration of Rights.

A claim under Article 24 of the Maryland Constitution against the County does not hinge on a finding against the Individual Defendants, and the County does not cite one case where state law vicarious liability claims have been stayed along with municipal liability claims under 1983

because such severance is simply not warranted. In fact, by pleading a vicarious liability claim under state law, Plaintiffs have eliminated any potential need for bifurcation because the County will have to produce discovery and defend itself at trial on the vicarious liability claim even if a separate trial were held for the *Monell* and Negligent Training and Supervision claims. Bifurcation under that scenario would certainly lead to duplicitous litigation, undue delay, prejudice to Plaintiffs, and needless waste of judicial economy.

Notably, in *Shields v. Prince George's County*, 2016 WL 4581327 at *4 (D. Md. 2016), the court ruled that when a plaintiff brings vicarious liability claims against a defendant employer, the employer is not simply an inactive defendant, liable only if Plaintiff can first prove that the employee violated his constitutional right. *Id.* (quoting *Treadwell v. Prince George's Cty. Health Dep't*, 2014 WL 3534006 at *14 (D. Md. 2014). As case in point, this Court denied bifurcation for this very reason in the *Shields* and *Treadwell* cases.

Directly on point is Judge Grimm's ruling in *Costen v. Owens*, 8:21-cv-03322-PWG (ECF 21) (D. Md. 2022). There, plaintiffs, represented by undersigned counsel, filed suit against Prince George's County and a Prince George's County Officer who used various types of excessive force against each of them at separate locations and times causing them similar injuries. *Id.* at 1. Plaintiffs asserted claims under 42 U.S.C. § 1983 and Maryland State Law for injuries related to the use of excessive force. *Id.* Prince George's County moved to sever the claims, strike certain aspects of the complaint, and bifurcate plaintiffs' claims before discovery. While Judge Grimm acknowledged that "Section 1983 cases are good candidates for bifurcation," he found that bifurcation was not appropriate considering that the case was "in the early stages of litigation." *Id.* at 4.

> """it will often be the case that a plaintiff lacks specific details regarding the municipal actor's internal policies and training procedures before discovery."

*Johnson v. Balt. Police Dep't*, No. ELH-19-698, 2020 WL 1169739, at *34 (D. Md. Mar. 10, 2020). "[T]he details of the alleged policy or custom . . . is a topic properly left to development through discovery." *Id.* (quoting *Est. of Osuna v. Cnty. of Sanislaus*, 392 F. Supp. 3d 1162, 1174 (E.D. Cal. 2019)). Accordingly, under the circumstances of this case at this time, I find the motion to bifurcate and stay discovery of the *Monell* claims premature. I shall deny without prejudice the motion to bifurcate.

*Id.* Similarly, in the instant case, the County's motion was premature as discovery has not taken place. Plaintiffs are entitled to discover the details related to their well-plead claims about the County's policies and training procedures and condonation theory. Further, Plaintiffs claims against the Individual Defendants rely in part on a determination of whether they complied with Prince George's County's policies, procedures, and training. *See, e.g.*, Compl. ¶¶ 185-197.

Because there is no basis to separate Plaintiffs' state constitutional law claim against the County from their 1983 claims against the Individual Defendants, it is a manifest injustice to bifurcate this proceeding pursuant to the Rule 42(b) factors. The relevant evidence that supports Plaintiffs' vicarious liability claim against the County is the exact same evidence that will support their *Monell* claims against the County. In particular, evidence of the policies and procedures required by PGPD regarding command supervision and oversight of its officers would certainly be probative discoverable information as to both *Monell* claims as well as Plaintiffs' state constitutional claim. Furthermore, evidence of whether the County ignored these protocols as to other officers during the Individual Defendants' tenure would also be probative evidence of whether the County met their standard of care in supervising the Individual Defendants under state law as well as to whether the County was deliberately indifferent to the excessive force violations of its officers in general. Additionally, evidence of how the County has responded to citizen complaints regarding the Individual Defendants and its officers generally would also serve as probative evidence as to both types of claims.

Bifurcating Plaintiffs' claims at this preliminary stage of litigation and staying discovery as to Plaintiffs' *Monell* claims is a manifest injustice because it is premature, creates confusion and duplicitous litigation during discovery in the first proposed trial, and prejudices Plaintiffs. Certainly, the court could extend the invitation to the County to revisit this request at the close of discovery. However, at this time, the County has not met its burden of persuasion because it has not demonstrated that bifurcation is a more expeditious means to resolve all the claims in this action in light of the full breadth of in-district case law that governs this aspect of the case. For these reasons, Plaintiffs' motion for reconsideration should be granted.

## IV. CONCLUSION

For the reasons stated, Plaintiffs respectfully request that this Honorable Court grant Plaintiffs' Motion for Reconsideration of the November 20, 2024, Order Granting Defendants' Motion for Bifurcation of Claims and Stay of Discovery [ECF No. 46].

Respectfully submitted,

/s/ *Malcolm P. Ruff*
Malcolm P. Ruff, Bar No. 21595
Murphy, Falcon & Murphy
One South Street, 30th Floor
Baltimore, Maryland 21202
410-951-8744
malcolm.ruff@murphyfalcon.com
*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, on this 5th day of December 2024, that Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Reconsideration of the November 20, 2024, Order Granting Defendants' Motion for Bifurcation of Claims and Stay of Discovery [ECF No. 46] was served via the court's ECF filing system to all counsel of record.

/s/ *Malcolm P. Ruff*
Malcolm P. Ruff, Bar No. 21595