IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| ERICA UMANA ET AL., | * | |
| Plaintiffs, | * | |
| v. | * | Civil No. 23-3208-BAH |
| PRINCE GEORGE'S COUNTY, MD, ET AL., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court are a number of discovery-related motions: (1) Defendants Ball, Jackson, and Mihanda's corrected motion for extension of time to complete discovery, ECF 54[1]; (2) the consent motion to extend the discovery deadline to take the depositions of Defendants Ball, Mihanda, and Jackson and fact witnesses Officer Jason Smith, Sergeant Marell Smith, and Sergeant Brian Layden, ECF 57; (3) Plaintiffs' motion to compel the depositions of Defendant Jason Ball, of fact witnesses Officer Jason Smith, Sergeant Marell Smith, and Sergeant Brian Layden, and of a designee of Defendant Prince George's County, Maryland ("the County") pursuant to Fed. R. Civ. P. 30(b)(6), ECF 58; (4) Defendants' motion for a protective order to prevent Plaintiffs from taking a Rule 30(b)(6) corporate designee deposition, ECF 62; and (5) Plaintiffs' motion for leave to file a surreply to Defendants' protective order reply, ECF 65.

Plaintiffs oppose Defendants' motion to extend the discovery deadline, arguing that the motion does not demonstrate the requisite good cause and that Defendants' own dilatory actions have created the problem triggering the extension request, made on the date of the discovery

---

[1] The earlier filed motion, ECF 53, will be denied as moot.

deadline. *See* ECF 60, at 2–6. Plaintiffs also oppose Defendants' motion for a protective order, arguing that Defendants have not demonstrated good cause and, contrary to Defendants' assertion, counts V, VI, VII, and VIII are active claims against the County for which Plaintiffs may seek discovery from the County. *See* ECF 63, at 1–6. Defendants' filed a reply in which they argue that the Local Government Tort Claims Act ("LGTCA") "effectively provides government immunity for all state tort claims asserted against the County." ECF 64, at 2. Plaintiffs seek to file a surreply to address this argument. ECF 65.

The parties have also filed two status reports, ECFs 56 and 61, the second made in response to the Court's order directing the parties to meet and confer, ECF 59. The parties came to an agreement regarding the depositions of Defendant Jason Ball, of fact witnesses Officer Jason Smith, Sergeant Marell Smith, and Sergeant Brian Layden, with Defendants providing dates in June for Defendant Ball and Sergeant Layden's depositions and agreeing to provide dates for Officer Jason Smith's and Sergeant Marell Smith's by May 23. *See* ECF 61, at 2. The motion to compel will therefore be denied as moot as to these depositions.

By the Court's estimation, the following discovery-related disputes remain: (1) whether to extend the discovery deadline in its entirety (and to extend the request for admission and dispositive pretrial motions deadlines accordingly) as requested by Defendants; and (2) whether to compel or preclude a Rule 30(b)(6) corporate designee deposition as to the County. Also pending is Plaintiffs' motion to reconsider the memorandum order issued by the late Honorable Judge Messitte on November 20, 2024, to whom this case was originally assigned, bifurcating counts I, II, and IX against the County and staying discovery as to those claims. *See* ECF 47 (motion to reconsider); *see also* ECF 46 (memorandum order). The County filed an opposition.

2

ECF 48. The Court will address each of the discovery issues after first resolving the motion for reconsideration.

### I. Motion for Reconsideration on Bifurcation

On November 20, 2024, Judge Messitte issued a memorandum order granting the County's motion to bifurcate. *See* ECF 41 (County's motion); ECF 46 (memorandum order). Judge Messitte ruled: "Pursuant to this Court's long-standing practice of bifurcating the trial of policy issues from underlying factual issues, the Court hereby bifurcates Counts I, II, and IX against the County, which will be set for a later trial, if necessary. Meanwhile, discovery will be stayed as to those Counts." ECF 46, at 1 (emphasis and capitalization removed). Plaintiffs ask this Court to reconsider bifurcation of these claims, which include the *Monell* condonation claim (count I), the *Monell* failure to train claim (count II), and the negligent hiring, training or supervision claim (count IX). *See* ECF 47 and ECF 47-1 (memorandum in support of motion to reconsider).

As an initial matter, Plaintiffs' motion to reconsider is untimely. Under Local Rule 105.10, "[e]xcept as otherwise provided in Fed. R. Civ. P. 50, 52, 59, or 60, any motion to reconsider any order issued by the Court shall be filed with the Clerk not later than fourteen (14) days after entry of the order." Here, Plaintiffs moved to reconsider pursuant to Fed. R. Civ. P. 54(b), which governs modifications to non-final orders. *See* ECF 47, at 1. Fourteen days after November 20, 2024, was December 4, 2024, making that the due date for any motion to reconsider. Plaintiffs filed the instant motion to reconsider a day later, on December 5. *See id.* at 2 (certificate of service). This alone is a sufficient basis on which to deny the motion to reconsider. *See Coulibaly v. J.P. Morgan Chase Bank, N.A.*, Civ. No. DKC 10-3517, 2011 WL 6837656, at *2 (D. Md. Dec. 28, 2011), *aff'd sub nom. Coulibaly v. JP Morgan Chase Bank, N.A.*, 526 F. App'x 255 (4th Cir. 2013).

However, the Court is also not persuaded that reconsideration is warranted on the merits. "Motions for reconsideration of interlocutory orders [under Rule 54(b)] are not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003); *U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Va., LLC*, 899 F.3d 236, 256–57 (4th Cir. 2018) (quoting *Carlson v. Boston Sci. Corp.*, 856 F.3d 325 (4th Cir. 2017)). However, "the Fourth Circuit has suggested that the Rule 60(b) standard guides the district court's analysis." *Buettner-Hartsoe v. Balt. Lutheran High Sch. Ass'n*, Civ. No. RDB-20-3132, 2022 WL 4080294, at *2 (D. Md. Sept. 6, 2022) (citing *Fayetteville Invs. v. Com. Builders, Inc.*, 936 F.3d 1462, 1472 (4th Cir. 1991)). The Court typically permits reconsideration in only three circumstances: (1) where "there has been an intervening change of controlling law," (2) where "new evidence has become available," or (3) where "there is a need to correct a clear error or to prevent manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010). "The grounds for reconsideration are purposefully narrow to prevent the motion from being used to 'ask the Court to rethink what the Court had already thought through—rightly or wrongly.'" *Crocetti v. Comm'r, Soc. Sec. Admin.*, Civ. No. SAG-17-1122, 2018 WL 3973074, at *1 (D. Md. Aug. 1, 2018) (internal quotation marks omitted) (quoting *Potter v. Potter*, 199 F.R.D. 550, 552 (D. Md. 2001)).

Here, Plaintiffs argue that reconsideration is warranted "to fulfill the court's duty of preventing a manifest injustice." ECF 47-1, at 3. Plaintiffs primarily argue that the County's motion to bifurcate relied on *Marryshow v. Town of Bladensburg*, 139 F.R.D. 318 (D. Md. 1991), which has "long since been distinguished by this Court in *Hayat v. Fairley*, 2010 WL 11549898 at *2 (D. Md. 2010)." ECF 47-1, at 4. Plaintiffs argue that their *Monell* failure to train and condonation claims (and the policy claim alleged in count IX) do not lend themselves to

bifurcation, that bifurcation is premature, and that it will result in duplicitous litigation. *Id.* at 4–7. Plaintiffs cite to *Thomas v. Cook County Sheriff's Dep't*, 588 F.3d 445, 454 (7th Cir. 2009), for the proposition that "there are circumstances where a municipality can be held liable under § 1983 for constitutional violations notwithstanding that no individual defendant can be held liable."[2] ECF 47-1, at 3.

Notwithstanding the Seventh Circuit's pronouncement in *Thomas*, "[t]he law is quite clear in this circuit that a section 1983 failure-to-train claim cannot be maintained against a governmental employer in a case where there is no underlying constitutional violation by the employee." *Young v. City of Mount Ranier*, 238 F.3d 567, 579 (4th Cir. 2001) (citing *Grayson v. Peed*, 195 F.3d 692, 697 (4th Cir. 1999); *Temkin v. Frederick Cty. Comm'rs*, 945 F.2d 716, 724 (4th Cir. 1991)), *abrogated on other grounds by Short v. Hartman*, 84 F.4th 593 (4th Cir. 2023). The same rationale applies to Plaintiffs' *Monell* condonation claim and the negligent hiring, training or supervision claim. *See Anderson v. Caldwell Cty. Sherriff's Off.*, 524 F. App'x 854, 862 (4th Cir. 2013) ("No actionable claim against supervisors or local governments can exist without a constitutional violation committed by an employee."); *Grim v. Balt. Police Dep't*, Civ. No. ELH-18-3864, 2020 WL 1063091, at *4 (D. Md. Mar. 5, 2020) ("It is axiomatic that a *Monell* claim cannot lie 'where there is no underlying constitutional violation by the employee.'" (quoting *Young*, 238 F.3d at 579)); *see also City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1996) (per curiam) ("[N]either *Monell* . . . nor any other of our cases authorizes the award of damages against a municipal corporation based on the actions of one of its officers when the jury has concluded that the officer inflicted no constitutional harm.").

---

[2] The *Thomas* decision was subsequently amended and superseded on denial of rehearing, but the page cited by Plaintiffs appears to remain largely, if not entirely, unchanged. *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 299 (7th Cir. 2010).

In *Hayat*, Judge Nickerson denied a bifurcation request and distinguished *Marryshow* on the basis that *Hayat*, which involved allegations that a supervisor "intentionally paired a first year officer with Defendant Fairley, a veteran of the force, so that Fairley could provide procedural training which included the practice of racial profiling," was "likely to [involve] considerably more overlap in the evidence against the individual officers and the evidence against the [Municipality] Defendants than there would have been in *Marryshow*." *Hayat*, 2010 WL 11549898, at *2. *Marryshow*, by contrast, "was a false arrest and excessive force case where the potential liability of the municipality was premised solely on its failure to train, supervise, and investigate." *Id.* (citing *Marryshow*, 139 F.R.D. at 318).

While Plaintiffs have cited cases finding bifurcation inappropriate, as Judge Hollander has thoroughly explained (subsequently to *Hayat* and other cases on which Plaintiffs rely), "[c]ourts in this district have consistently ruled that in cases such as this one bifurcation 'is appropriate and often desirable.'" *Grim*, 2020 WL 1063091, at *5 (quoting *Brown v. Bailey*, Civ. No. RDB-11-1901, 2012 WL 2188338, at *4 (D. Md. June 13, 2012)) (collecting cases granting bifurcation of *Monell* and similar policy claims). This is because "a viable § 1983 *Monell* claim consists of two components: (1) the municipality had an unconstitutional policy or custom; and (2) the unconstitutional policy or custom caused a violation of the plaintiff's constitutional rights." *Id.* (citing *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997); *Kirby v. Elizabeth City*, 388 F.3d 440, 451 (4th Cir. 2004), *cert. denied*, 547 U.S. 1187 (2006); *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003)). Plaintiffs have not demonstrated that Judge Messitte's exercise of discretion to implement the Court's "long-standing practice," ECF 46, at 1, will result in manifest injustice warranting reconsideration. Plaintiffs' motion to reconsider will therefore be denied.

## II. Discovery-Related Motions

Federal Rule of Civil Procedure 26 generally permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). However, the rule also provides for the issuance of protective orders under the following circumstances:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). In moving for a protective order, the moving party must demonstrate that there is "good cause" to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* (c)(1).

In seeking a protective order, Defendants argue that Judge Messitte previously "bifurcated and stayed discovery of the claims pertaining to patterns and practices of the Prince George's County Police Department (PGPD) from those of the Individual Defendants." ECF 62, at 4 (citing ECF 46). Defendants further argue that they have already provided documents[3] that "speak for themselves vis-à-vis any liability of the Individual Defendants" and that the deposition of a corporate designee of the County would be irrelevant to the non-stayed claims and disproportionate to the needs of the case. *Id.* Plaintiffs counter that Defendants misapprehend the nature of Judge

---

[3] Defendants do not specify what these documents are beyond noting that they pertain to "the policies and procedures of the [PGPD]." ECF 62, at 4.

7

Messitte's bifurcation and stay, asserting that "[t]o date, Count V – Violation of Maryland Declaration of Rights, Count VI – Assault and Battery, Count VII – Negligence, and Count VIII – Gross Negligence all remain active claims against Defendant County and are ripe Counts for which Plaintiffs may rightfully seek discovery directly from Defendant County under the Federal Rules." ECF 63, at 2. In reply, Defendants argue that the LGTCA "effectively provides government immunity for all state tort claims asserted against the County. . . . As applied to the instant case, it is applicable to all Counts not otherwise bifurcated by this Court's Order." ECF 64, at 2 (citing *Williams v. Prince George's Cnty.*, 685 A.2d 884 (Md. App. 1996)).[4]

Plaintiffs are correct that these claims remain live against the County, as they were not bifurcated and stayed by Judge Messitte's November 20 memorandum order, and, perhaps most notably, the County did not move to dismiss them. Indeed, the County's proposed order on its motion to bifurcate includes the following language:

> There shall be separate trials of those issues relating to the Plaintiff's claims against the Individual Defendants, and Plaintiff's claims against Prince George's County (*with regard to Counts I, II and IX of the Complaint only*). Discovery shall be stayed against Prince George's County (*with regard to Counts I, II and IX of the Complaint only*) unless and until a second trial is deemed warranted.

ECF 41-2, at 1 (emphasis added). The County never sought bifurcation of (and the Court did not so grant) any claims besides those three mentioned. Plaintiffs are therefore entitled to discovery from the County on those claims, and a Rule 30(b)(6) corporate designee deposition is not outside the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1). And while Defendants argue that based on the notices of deposition, "Plaintiffs are seeking information which may be relevant and

---

[4] Defendants cite "*Williams v. Prince George's County, Maryland, et. al.* 112 Md. App. 525 (1996)" in support of their argument. ECF 64, at 2 (some italics omitted). The citation "112 Md. App. 525" does not retrieve any case. The Court assumes that Defendants refer the Court to *Williams v. Prince George's County*, 112 Md. App. 526, 685 A.2d 884 (1996).

probative to [their] *Monell* claims," ECF 62, at 4, potential overlap with future claims is not good cause to deny a litigant relevant discovery to which they are generally entitled. Nor is the Court convinced that the invocation of the LGTCA, first made in the reply, constitutes good cause to issue a protective order.

"Through enacting the LGTCA, the Maryland Legislature partially waived the traditional governmental immunity enjoyed by local governments." *Martino v. Bell*, 40 F. Supp. 2d 719, 722 (D. Md. 1999). "The LGTCA requires local governments to defend actions brought against their employees, and in certain circumstances, requires successful plaintiffs to execute judgments against the local government rather than the employee." *Id.* (citing *Pavelka v. Carter*, 996 F.2d 645, 649 (4th Cir. 1993)). And while it is true that "the LGTCA does not waive governmental immunity or otherwise authorize any actions directly against local governments," *Williams v. Maynard*, 754 A.2d 379, 388 (Md. 2000), the relevant question here is whether the discovery sought is within Rule 26(b)(1)'s scope—that is, whether it is relevant and proportional to the active claims and defenses and whether a protective order is needed to avoid annoyance, embarrassment, oppression, or undue burden or expense.

Here, the County, represented by counsel, chose to file an answer rather than move to dismiss Plaintiffs' claims against it on the basis of governmental immunity. ECF 21 (answer of the County and other defendants). As those claims remain live, discovery on those claims falls plainly within Rule 26(b)(1)'s bounds. A motion for a protective order (or the reply in furtherance of a motion for a protective order) is not the proper vehicle by which to seek dismissal of a claim. *See Branch Banking & Tr. Co. v. Iny*, No. 2:11-CV-1777-MMD-VCF, 2014 WL 12785312, at *2 (D. Nev. July 18, 2014) ("A motion for a protective order is not the proper vehicle for the court to adjudicate the merits of a party's claims or defenses and determine which affirmative defenses are

available to Defendants for discovery purposes."). Defendants have not demonstrated good cause for issuing a protective order, so the motion for a protective order will be denied, and the County will be compelled to permit the deposition of a County corporate designee pursuant to Rule 30(b)(6).[5]

Given the number of depositions scheduled to take place in June, to minimize confusion and promote efficiency, the Court finds that good cause exists to extend the discovery deadline wholesale, along with the other corresponding case deadlines as described below. Given the time that has passed since the initial extension request (until June 30), the Court will extend the discovery deadline until July 18, 2025. The parties are advised that the Court does not anticipate extending the discovery deadline further, and any requests to do so must demonstrate good cause. Further, the Court will enter a letter order describing its informal discovery dispute procedure, should any further discovery disputes arise. However, the parties are reminded of their obligation to attempt to resolve any disputes between themselves before asking the Court to intervene.

### III. Conclusion and Order

For these reasons, it is this 16th day of June, 2025, by the United States District Court for the District of Maryland hereby ORDERED that:

(1) Plaintiffs' motion for reconsideration, ECF 47, is DENIED;

(2) Defendants' motion for extension of time to complete discovery, ECF 53, is DENIED AS MOOT;

(3) Defendants' corrected motion for extension of time to complete discovery, ECF 54, is GRANTED;

(4) The discovery deadline is extended to July 18, 2025;

(5) Requests for admission are now due July 25, 2025;

---

[5] Plaintiffs' motion for leave to file a surreply will be denied as moot.

10

(6) The dispositive pretrial motions deadline is extended to August 15, 2025;

(7) Plaintiffs' motion to compel the depositions of Defendant Jason Ball, of fact witnesses Officer Jason Smith, Sergeant Marell Smith, and Sergeant Brian Layden, and of designee of the County pursuant to Fed. R. Civ. P. 30(b)(6), ECF 58, is DENIED AS MOOT IN PART AND GRANTED IN PART;

(8) Defendants' motion for a protective order to prevent Plaintiffs from taking a Rule 30(b)(6) designee deposition, ECF 62, is DENIED;

(9) Plaintiffs' motion for leave to file a surreply, ECF 65, is DENIED AS MOOT;

(10) The County shall permit Plaintiffs to take the deposition of a corporate designee pursuant to Fed. R. Civ. P. 30(b)(6) before the close of discovery on July 18, 2025;

(11) The parties are advised that these deadlines will not be modified except for good cause shown, and, accordingly, they must act diligently to complete discovery by the extended deadline;

(12) The parties are reminded of their obligation under Local Rule 104.7 to meet and confer and to make a reasonable effort in good faith to resolve all discovery disputes without the Court's intervention; and

(13) All future discovery disputes will be governed by the forthcoming letter order.

/s/
Brendan A. Hurson
United States District Judge