**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| ERICA UMANA ET AL., | * | |
| Plaintiffs, | * | |
| v. | * | Civil No. 23-3208-BAH |
| PRINCE GEORGE'S COUNTY, MD, ET AL., | * | |
| Defendants. | * | |

* * * * * * * * * * * * * *

# MEMORANDUM OPINION

Plaintiffs Erica Umana, Erika Erazo Sanchez, Dayri Amaya Benitez, and Brandon Cuevas ("Plaintiffs") brought suit against Prince George's County, Maryland, (the "County") and three Prince George's County police officers (the "County Officers") (collectively "Defendants") alleging eleven claims arising from a police response regarding an alleged dog bite that resulted in the allegedly unlawful entry into a private apartment and the unwarranted shooting of Hennesey, Umana's pet dog. ECF 1. Pending before the Court is the County's partial motion for summary judgment (the "Motion").[1] ECF 68. Plaintiffs filed an opposition, ECF 71, and the County filed a reply, ECF 72. All filings include memoranda of law.[2] The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). Accordingly, for the reasons stated below, Defendants' motion for summary judgment is **GRANTED in part.**

[1] Also pending is a consent motion for extension of time to complete discovery. ECF 57. This motion will be denied as moot given that it was resolved in substance by ECF 66 and discovery is now complete, *see* ECF 73.

[2] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

## I. BACKGROUND

This case arises from a police encounter in Plaintiffs' apartment that ended with County Officers allegedly shooting and killing Umana's dog. ECF 1, at 10 ¶ 67. Plaintiffs filed a complaint alleging eleven claims against Defendants. *Id.* at 24–44. The County was named as a defendant in nine claims, including two *Monell*[3] claims (Counts I and II); a claim alleging the violation of Article 24 of the Maryland Declaration of Rights (Count V); assault and battery (Count VI); negligence (Count VII); gross negligence (Count VIII); negligent hiring, training, and supervision (Count IX); false imprisonment and arrest (Count X); and trespass to real property (Count XI). *Id.* On November 12, 2024, the County moved to bifurcate Counts I, II, and IX[4] and to stay discovery on those claims, ECF 41, which was granted, ECF 46. Discovery commenced as to the non-bifurcated claims and is now complete. ECF 73. The County moves for partial summary judgment in its favor on Counts V through XI. ECF 68-1, at 1. The Motion is ripe for resolution.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether

[3] *Monell v. Dep't of Social Srvs.*, 436 U.S. 658, 690 (1978).

[4] Count III raises a § 1983 claim against the County Officers based on a Fourth Amendment violation for an allegedly unlawful search and seizure, false arrest, and improper use of police powers. ECF 1, at 31–33. Count IV raises a § 1983 claim against the same defendants alleging the failure to intervene to prevent the Fourth Amendment violations alleged in Count III. *Id.* at 33–34.

it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

"Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine factual dispute exists." *Progressive Am. Ins. Co. v. Jireh House, Inc.*, 608 F. Supp. 3d 369, 372 (E.D. Va. 2022) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86 (1986)). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson*, 477 U.S. at 248). Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment . . . ." *Anderson*, 477 U.S. at 247–48 (emphasis in original).

The Court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor, *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (per curiam); *Scott v. Harris*, 550 U.S. 372, 378 (2007), and the Court "may not make credibility determinations or weigh the evidence," *Progressive Am. Ins. Co.*, 608 F. Supp. 3d at 373 (citing *Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 213 (4th Cir. 2007)). For this reason, summary judgment ordinarily is inappropriate when there is conflicting evidence because it is the function of the factfinder to resolve factual disputes, including matters of witness credibility. *See Black & Decker Corp. v. United States*, 436 F.3d 431, 442 (4th Cir. 2006); *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644–45 (4th Cir. 2002).

At the same time, the Court must "prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir.

2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)). "The existence of a mere scintilla of evidence in support of the nonmoving party as well as conclusory allegations or denials, without more, are insufficient to withstand a summary judgment motion." *Progressive Am. Ins. Co.*, 608 F. Supp. 3d at 372 (citing *Tom v. Hosp. Ventures LLC*, 980 F.3d 1027, 1037 (4th Cir. 2020)).

## III. ANALYSIS

The County contends it is entitled to summary judgment in its favor on Counts V through IX based on governmental immunity. ECF 68-1, at 4. Plaintiffs oppose the Motion only as to Counts V (violation of Maryland Declaration of Rights) and IX (negligent hiring, training, and supervision). ECF 72, at 1.

"[T]he doctrine of governmental immunity is alive and well in Maryland today." *McCarthy v. Bd. of Commissioners for Frederick Cnty.*, 338 A.3d 710, 716 (Md. App. 2025) (quoting *Heffner v. Montgomery Cnty.*, 545 A.2d 67, 69 (Md. App. 1988)). "Maryland law is well settled that a county (or municipality) generally enjoys immunity against common law tort liability arising out of acts that are governmental, as opposed to acts that are private or proprietary." *Clark v. Prince George's Cnty.*, 65 A.3d 785, 790 (Md. App. 2013) (citation omitted); *see also Paulone v. City of Frederick*, 787 F. Supp. 2d 360, 378 (D. Md. 2011) ("Under Maryland law, counties enjoy governmental immunity from tort liability with respect to 'nonconstitutional torts based on activity categorized as governmental.'" (citation omitted)). "The operation by a county of its police department is quintessentially governmental." *Clark*, 65 A.3d at 791.

Based on this principle, and as Plaintiffs concede,[5] summary judgment is indeed warranted for Counts VI through VIII and Counts X and XI, which all involve non-constitutional tort claims

[5] "As numerous courts in the Fourth Circuit repeatedly have held, a litigant's failure to address arguments in responding to dispositive motions amounts to a concession of such arguments." *Frye*

brought against the County based on operation of its police department. *Cf. Semenchenko v. Brown*, Civ. No. JRR-25-01044, 2026 WL 318996, at *11 (D. Md. Feb. 6, 2026) (dismissing all non-constitutional state tort claims against the Town of Elkton). Plaintiffs argue, however, that summary judgment should be denied as to Counts V and Count IX. ECF 71, at 2.

As to Count IX, which alleges negligent hiring, training, and supervision, Plaintiffs argue that "governmental immunity does not apply to torts arising from negligent hiring," because this claim is a "direct claim[] against the County—not [a] vicarious liability claim[]." ECF 71, at 3. The County's governmental immunity does not turn on whether the claim is pled under a theory of direct or vicarious liability. Simply put, "whether governmental immunity from a tort action exists depends on whether the County was performing a governmental function, in which case it has immunity, or a proprietary function, in which case it does not have immunity." *Jones v. Montgomery Cnty.*, No. 1910 Sept. Term 2014, 2016 WL 1321396, at *3 (Md. App. Apr. 5, 2016). Here, Plaintiffs do not contest that the County performs a governmental function through the operation of its police department. ECF 71, at 3 (arguing that the County has failed "to properly train or supervise its officers" in "a direct breach of duty to the public"). The County thus cannot "be sued in its own capacity for common law tort liability, including for the torts of negligent hiring [or] retention." *Clark*, 65 A.3d at 791. Given that Count IX is a non-constitutional state tort claim arising from a theory of ordinary negligence, it cannot be sustained against the County. *Cf. Semenchenko*, 2026 WL 318996, at *11 (dismissing a negligent hiring, training, and retention claim based on governmental immunity).

---

*v. Webster*, Civ. No. GLR-24-2839, 2026 WL 294931, at *5 (D. Md. Feb. 4, 2026) (quoting *Lovess v. PennyMac Loan Servs., LLC*, Civ. No. BAH-25-00515, 2025 WL 2049986, at *2 (D. Md. July 22, 2025)). In their opposition, Plaintiffs only contend that "the County's motion must be denied as to Counts V and IX." ECF 71, at 1. Accordingly, Plaintiffs concede that summary judgment should be granted on Counts VI through VIII and Counts X and XI.

Plaintiffs also argue that summary judgment should be denied on Count IX because the claim has been bifurcated and discovery stayed. ECF 71, at 2. Plaintiffs contend that discovery is necessary to determine "whether or not any genuine issue of material fact exists." *Id.* Specifically, Plaintiffs point to potential discovery as to "[w]hether excessive force was used;" "[w]hether entry into the home was unlawful;" "[w]hether Plaintiffs were falsely imprisoned and/or arrested;" and "[w]hether the Officer Defendants failed to intervene." *Id.* at 4. But discovery on these facts would have no bearing on whether the County is entitled to immunity on Count IX. Moreover, immunity questions should be resolved "at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991). Here, the Court concludes that the County enjoys governmental immunity from tort claims brought against it directly, including for negligent hiring, retention, and supervision, and no discovery would change that conclusion. *See Heim v. Anne Arundel Cnty.*, No. 1603, Sept. Term, 2019, 2021 WL 2105449, at *2 (Md. App. May 25, 2021) ("Determining whether a local government's action entitles it to governmental immunity is a question of law."). Because the County is immune from suit as to Count IX, summary judgment is granted on that claim.

The Court agrees with Plaintiffs, however, that the County does not enjoy immunity from the state constitutional claim alleged in Count V. Under this claim, Plaintiffs allege that the "County is vicariously liable to Plaintiffs for Officer Defendants' violations of Plaintiffs' rights under Article 24 of the Maryland Declaration of Rights." ECF 1, at 35 ¶ 160; *see also Kirsch v. Prince George's Cnty.*, 626 A.2d 372, 375 (Md. 1993) (construing due process and equal protection rights embodied in Article 24 *in pari materia* with comparable rights in Fifth and Fourteenth Amendments), *cert. denied*, 510 U.S. 1011 (1993).

"[U]nlike common law torts, which are designed generally to protect private persons from each other, Constitutional provisions have the more narrow focus of protecting citizens from certain unlawful acts committed by government officials." *DiPino v. Davis*, 729 A.2d 354, 371 (Md. 1999). "Indeed, only government agents can commit these kinds of Constitutional transgressions." *Id.* As such, "neither the local government official nor a local governmental entity has available any governmental immunity in an action based on rights protected by the State Constitution." *Id.* Accordingly, as Maryland's highest court has explained, "local governmental entities do, indeed, have *respondeat superior* liability for civil damages resulting from state constitutional violations committed by their agents and employees within the scope of the employment." *Id.* at 372. Since Plaintiffs have alleged "a tort or state constitutional violation by an employee" of Prince George's County, this claim must survive. *Willey v. Bd. of Educ. of St. Mary's Cnty.*, 557 F. Supp. 3d 645, 671 (D. Md. 2021). Summary judgment is therefore not warranted as to Count V on the basis of governmental immunity. The Motion will be denied as to Count V.

## IV. CONCLUSION

For the foregoing reasons, Defendants' partial motion for summary judgment is granted with respect to Counts VI through XI, and denied as to Count V. As noted in the order at ECF 83, a six-day jury trial is set to begin on January 5, 2027, on all surviving claims not subject to the stay order entered at ECF 46.

A separate implementing order will issue.

Dated: October 2, 2026

/s/
Brendan A. Hurson
United States District Judge